IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 1:12-CR-0010-01 |
| v.   : | |
| : | Judge Sylvia H. Rambo |
| DENNIS O'HARA   : | |

# MEMORANDUM

Before the court is a motion filed by Defendant, pursuant to 28 U.S.C. § 2255, seeking relief for ineffective assistance of counsel in the above-captioned matter. (Doc. 254.) For the reasons stated herein, the motion will be denied.

## I.  Background

Defendant was charged in an indictment with unlawfully distributing controlled substances, use of a communication facility to commit that crime, and criminal conspiracy. On August 27, 2013, Defendant pleaded guilty to all three counts without a plea agreement.[1]

A pre-sentence report was filed which concluded that Defendant was classified as a career criminal. His total offense level was calculated at a level thirty-six with a criminal history category of six, which gave a guideline sentencing range of 327 to 405 months. Defendant filed objections to the pre-sentence report which were primarily aimed at the amount of illegal drugs involved

---

[1] No plea agreement was offered by the Government because Defendant was a fugitive for several months and failed to appear for a non-jury trial scheduled for May 6, 2013.

and his classification as a career offender. As to the objection on the amount of the drugs, the court scheduled a hearing on that issue prior to sentencing. However, prior to the date scheduled for the drug amount hearing, Defendant and the Government entered into a non-binding agreement wherein the Government recommended that Defendant receive a 180-month sentence in exchange for Defendant's withdrawal of his objections to the pre-sentence report. On April 3, 2014, the court accepted the parties' agreement and imposed a sentence of 180 months.

Defendant subsequently appealed his sentence to the Court of Appeals for the Third Circuit, which affirmed this court's judgment on February 11, 2015, finding that the guilty plea was counseled, procedurally solid, and voluntary, and that the sentence imposed was legal and reasonable. (Doc. 252-1, p.3.) On February 22, 2015, Defendant filed the instant motion.

## II. Discussion

The basic claim contained in Defendant's motion is that his counsel was incompetent for not raising and arguing that his classification as a career offender was erroneous. He claims that the burglary conviction cited in the pre-sentence report at Paragraphs 38 and 40 should be counted as one conviction. Defendant also argues that *Johnson v. United States*, __, U.S. __, 135 S. Ct. 2551 (2015), which held that the residual clause in 18 U.S.C. § 924(e)(2)(B) that defines the

term "violent felony" was unconstitutionally vague and violates due process, applies to his case. He argues that § 4B1.2(a) of the United States Sentencing Guidelines, which defines what constitutes a career criminal, has the same residual clause and is therefore unconstitutional.

The Government argues that counsel did raise an objection to Defendant's classification as a career criminal in response to the pre-sentence report. The Government further argues that Defendant waived his right to raise objections to the pre-sentence report and to challenge his sentence pursuant to the parties' agreement to the 180-month sentence. The Government also argues that, while the United States Supreme Court held in *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016) that the holding in *Johnson* applies retroactively to cases on collateral review in the armed career criminal context, it did not address whether *Johnson* applied retroactively to a procedural decision with respect to the sentencing guidelines. The court will address Defendant's arguments in turn.

### A.  Counsel's Objection to the Career Offender Enhancement

Prior to sentencing, defense counsel filed objections to the pre-sentence report's classification of Defendant as a career criminal. Counsel again raised concerns as to the classification at the sentencing proceeding, but did not pursue his argument as an objection due to the agreement between the parties regarding Defendant's sentence. (Doc. 259-1, H'rng Tr.) At that hearing, the court

questioned Defendant concerning his intent to withdraw his objections to the pre-sentence report, and his responses were sufficient to show that he did intend to withdraw all objections to the pre-sentence report, including the career criminal enhancement.[2] (*Id*. at 3-4.) Accordingly, Defendant's claim of incompetency of counsel is without foundation.

### B. Does *Johnson* Apply to Defendant's Sentence?

In *Johnson*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B) which defines a "violent felony" to be violative of the United States Constitution and due process due to vagueness. *Johnson*, 135 S. Ct. at 2563. The statute defines a violent felony as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis supplied).

---

[2] The court notes that if it did not find Defendant to be a career criminal, his total offense level would have remained at thirty-six because the guidelines regarding the relevant drug offenses were more severe than the career offender guideline. Defendant's criminal history would have remained at category six with no change in the advisory guideline sentencing range.

Defendant alleges that the definition of a crime of violence in USSG § 4B1.2(a) is the same as for a designation of a career offender as for an armed career criminal designation, to wit:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1)   Has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   Is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

USSG § 4B1.2(a).

Defendant overlooks the fact that the holding in *Johnson* declared unconstitutional only the residual clause. The Supreme Court stated that "[t]oday's decision does not call into question application of the [Armed Career Criminal] Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. The language of § 4B1.2(a), however, covers the crime of burglary of a dwelling, which was not declared unconstitutional by *Johnson* and which was considered in arriving at Defendant's classification as a career offender. Thus, *Johnson* is inapplicable to Defendant's sentence.

### III. <u>Conclusion</u>

Because the court finds that Defendant's counsel was not incompetent in representing Defendant both prior to sentencing and at the hearing, and the holding in *Johnson* is not relevant to Defendant's sentence, his motion will be denied without a hearing.

An appropriate order will issue.

                                        s/Sylvia H. Rambo  
                                        SYLVIA H. RAMBO  
                                        United States District Judge

Dated: June 29, 2016